FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 APR 28  PM 1:10

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION-COLUMBUS

| | | |
|---|---|---|
| Joshua McClain | : | |
| PO Box 2324 | | Case no. |
| Westerville, OH 43086 | | |
| Plaintiff | : | 2:17CV0364 |
| -v- | | |
| CARRINGTON MORTGAGE SERVICES  LLC | |  Judge Smith |
| 1600 S. Douglass Rd. Suite#200A | : | MAGISTRATE JUDGE JOLSON |
| Anaheim, CA 92806 | | |
| Defendant | | |
| | : | |

## COMPLAINT

PLAINTIFF, Joshua McClain, hereby sues CARRINGTON MORTGAGE SERVICES LLC (hereafter "Defendant" or "Carrington") and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Telephone Consumer Protection Act (hereafter "TCPA") 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act (hereafter "FDCPA") 15 U.S.C. § 1692 *et seq.*, and corollary claims under the Ohio Revised Code (hereafter "ORC") Title 13 (XIII) *et seq.*

1

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3) & (c)(5), 15 U.S.C. § 1692k(d), and ORC 1345.04.  Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

3.  Venue is proper pursuant to 28 U.S.C. §1391b and Venue in this District is proper in that the following events occurred here and the Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person.

5. Plaintiff is a "consumer" as defined in FDCPA U.S.C. § 1692a(3), and ORC 1345.01(D).

6. Defendant is a limited liability corporation with an office located at 1600 S. Douglass Rd. Suite 200A in Anaheim, CA.

7. Upon information and belief the Defendant regularly conducts business in the state of Ohio, in which Defendant attempts to collect debts or otherwise obtain funds from Ohio consumers.

8. Defendant is a "debt collector" as the term is defined by FDCPA U.S.C. § 1692a(6), and ORC 1321.45(A)(1); and a "supplier" under the Consumer Sales Practices Act (hereafter CSPA)

9. According to the Defendant the Plaintiff allegedly owes a "debt" as that term is defined in FDCPA U.S.C. § 1692a(5).

2

## FACTUAL ALLEGATIONS

10. October 3rd, 2016 at approx. 2:15PM Defendant acted through its agents, employees, officers, and/or members in violations of the TCPA by calling the Plaintiff's cellular phone, using an automated telephone dialing system (hereafter "ATDS") for a non-emergency without prior express consent.

11. Plaintiff expressed to Defendant that consent was never given to contact Plaintiff's cellular phone.

12. Defendant stated that the phone calls would not stop until an alleged debt was paid by Plaintiff.

13. Oct. 3rd, 2016 at approx. 3:13PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

14. Dec. 8th, 2016 at approx. 10:06AM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

15. Dec. 9th, 2016 at approx. 9:00AM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

16. Dec.10th, 2016 at approx. 10:57AM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

17. Dec. 12th, 2016 at approx. 2:53PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

18. Jan. 4th, 2017 at approx. 1:22PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

19. Jan. 4th, 2017 at approx. 4:16PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

3

20. Feb. 13th, 2017 at approx. 1:05PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

21. March 29th, 2017 at approx. 1:17PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

22. April 8th, 2017 at approx. 10:59AM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

23. April 11th, 2017 at approx. 3:56PM Defendant contacted the Plaintiff's cellular phone using an ATDS without prior express consent.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## (TCPA) 47 U.S.C. § 227 BY DEFENDANT

24. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 23.

25. The term "automatic telephone dialing system" is defined by 47 U.S.C. § 227(a)(1).

26. Plaintiff has never given Defendant permission to call Plaintiff's cellular phone.

27. Defendant contacted the Plaintiff's cellular phone for a non-emergency on numerous occasions without prior express consent, using an automatic telephone dialing system. Such actions are prohibited by 47 U.S.C. § 227(b)(1)(A).

28. The calls made by Defendant were to the Plaintiff's phone which is assigned to a cellular service. Such actions are prohibited by 47 U.S.C. §227(b)(1)(A)(iii).

29. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) & (b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service, on numerous occasions using an ATDS.

30. Plaintiff is entitled to damages of $1500 per violation. Pursuant to 47 U.S.C.

4

§227(b)(3)(B) &(C) an unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the amount of $1,500 dollars per phone call for damages, together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT

31. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 30.

32. The term "communication" is defined by 15 U.S.C. § 1692a(2)

33. Plaintiff is a "consumer" within the meaning of 15U.S.C. § 1692a(3).

34. According to Defendant the Plaintiff allegedly owes a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

35. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

36. Defendant placed numerous phone calls to the Plaintiff's cellular telephone without prior consent. Such communications are prohibited by 15 U.S.C. § 1692c(a).

36. Defendant contacted the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1).

5

38. Defendant violated 15 U.S.C. § 1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequences to "harass, oppress, or abuse" Plaintiff in connection with the collection of an alleged debt.

39. Defendant caused the Plaintiffs telephone to ring repeatedly.  Such actions are prohibited by 15 U.S.C. § 1692d(5).

**WHEREFORE,** Plaintiff demands judgment against Defendant in the amount of $1,000 dollars for damages, together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT III
## VIOLATIONS OF THE OHIO REVISED CODE TITLE 13 (XIII)(ORC) BY DEFENDANT

40. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 39.

41. As described herein and to be proven at trial, Defendant engaged in unfair or deceptive acts or practices in violation of ORC § 1345.02 *et seq*.

42. As described herein and to be proven at trial, Defendant engaged in unconscionable acts or practices in violation of ORC § 1345.03 *et seq*.

43. Defendant engaged in conduct which violated the FDCPA as previously described above.

44. By violating the practices set forth by the FDCPA, Defendant has violated the Consumer Sales Practices Act (CSPA).

45. Each of Defendants' violations of the FDCPA is a separate violation of the CSPA.

6

46. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

47. Under the CSPA, Defendant is liable to Plaintiff for treble actual damages or $200 per violation, and up to $5,000 for emotional and other noneconomic damages, plus costs.

**WHEREFORE,** Plaintiff demands judgment against Defendant for treble actual or statutory damages in the amount of $200 dollars per violation, and an award of $5,000 dollars for noneconomic damages pursuant to ORC 1345.09(B), together with such other and further relief as the court may deem reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

I state under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 28th, day of April 2017.

4/28/17

Joshua McClain
2352 Miami Village Dr.
PO Box 2324
Westerville, OH 43086
macfreeman702@gmail.com